**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| KAREN ARCIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-11907-NMG |
| | ) | |
| NEW YORK LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Karen Arcieri ("Arcieri") alleges that defendant New York Life Insurance Company ("New York Life") breached the terms of a life insurance policy by 1) improperly amending the designation of the beneficiaries of the policy without her consent or knowledge and 2) distributing the proceeds in accordance with that amendment.

Pending before the Court is defendant's motion to dismiss or, in the alternative, for summary judgment. For the reasons that follow, the motion to dismiss will be allowed.

**I. Background**

New York Life issued two policies insuring the life of the plaintiff's late husband, Vincent A. Arcieri, III. Policy No. 44384504, dated November 11, 1991, provided whole life coverage in the amount of $500,000 and $500,000 of term coverage under an

increasing premium term rider ("Policy A").  At the time it

issued, plaintiff was the owner and sole beneficiary of Policy

A.  The New York Life agent assigned to Policy A was Thomas

Chevalier ("Chevalier"), who worked for the company between 1991

and 1993.

In January, 1992, New York Life recorded a change in

beneficiary such that the plaintiff's beneficial interest in

Policy A was reduced to 50% and her father-in-law, Vincent

Arcieri Jr. ("father-in-law"), was named the other 50%

beneficiary.  New York Life requires a Change of Beneficiary

form signed by the policy owner in order to change a beneficiary

on a policy.

Chevalier recalled, during his deposition in a prior

lawsuit filed by plaintiff in state court against the executors

of the father-in-law's estate, that the plaintiff's late husband

requested the beneficiary change.  He did not remember whether

it was the plaintiff or her late husband who signed the required

form.  Chevalier testified, however, that someone must have

signed the form because he would not have processed it

otherwise.  Plaintiff, on the other hand, asserts that the

change of beneficiary was effected without her knowledge or

consent.  New York Life has been unable to locate the relevant

paperwork either to rebut or to confirm her assertion.

In October, 1992, plaintiff submitted an application to
convert the $500,000 term rider on Policy A into a separate
$500,000 whole life policy. The rider was thus converted into
Policy No. 44711438 ("Policy B"). Under Policy B, the
plaintiff's infant daughter was a 50% beneficiary and the
plaintiff and her father-in-law were each 25% beneficiaries.

Upon the death of the plaintiff's late husband in December,
1992, plaintiff and her father-in-law apparently entered into an
oral agreement with respect to both policies under which the
father-in-law promised to hold $375,000 of the life insurance
proceeds (his entire beneficial interest under both policies)
for the benefit of plaintiff and her daughter until her
daughter's 18th birthday. Plaintiff alleges that she requested
New York Life to disburse the funds in accordance with her
agreement with her father-in-law.

Consistent with the recorded beneficiary designation and
plaintiff's alleged request, New York Life paid out the full
amount due under Policy A in February, 1993 (which included some
interest). Plaintiff and her father-in-law each received
$252,539. New York Life also paid out proceeds under Policy B,
whereby plaintiff and her father-in-law each received their 25%
shares, or $126,590. Although it is unstated, the remainder of
the proceeds of Policy B was presumably held in trust for the

benefit of plaintiff's daughter.  Plaintiff makes no claim with respect to Policy B in this case.

Apparently, plaintiff's daughter had not reached age 18 when the father-in-law died in 2008.  He had not yet paid the money he allegedly promised to hold on his granddaughter's behalf prior to his death.  In April, 2009, plaintiff filed suit in Massachusetts Superior Court for Middlesex County against the executors of her father-in-law's estate, seeking recovery of $375,000 in life insurance proceeds.  Plaintiff voluntarily dismissed that action in May, 2012.

## IV.  Procedural history

Arcieri filed her complaint against New York Life in the same Middlesex Superior Court in April, 2014.  Defendant timely removed that case to this Court and moved to dismiss it or, in the alternative, for summary judgment in May, 2014.  Plaintiff subsequently filed a motion for leave to amend her complaint to join Chevalier as an additional defendant, which would have extinguished this Court's diversity jurisdiction and necessitated a remand to state court.  This Court denied that motion by endorsement in July, 2014.

## V.  Defendant's motion to dismiss or, in the alternative, for summary judgment

Plaintiff asserts claims against New York Life for breach of contract, breach of fiduciary duty and negligence and for

violations of Massachusetts General Laws, Chapters 175, 176 and

93A.  Defendant has moved to dismiss or, in the alternative, for

summary judgment in response.

### A.    Legal standard

Federal Rule of Civil Procedure 12(d) provides that if

> matters outside the pleadings are presented to and not
> excluded by the court, the motion shall be treated as
> one for summary judgment and disposed of as provided
> in Rule 56.

Here, both parties have submitted materials beyond the complaint

and its exhibits, such as documents associated with the

plaintiff's suit against her father-in-law's estate for breach

of contract filed in state court and an affidavit of the

plaintiff dated July 21, 2014.

Filing additional materials outside the pleadings does not

automatically convert a motion to dismiss into one for summary

judgment. Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.,

958 F.2d 15, 18 (1st Cir. 1992).  The decision whether to

exclude the materials and determine the motion under the Rule

12(b)(6) standard is within the Court's discretion. Trans-Spec

Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st

Cir. 2008).  In this case, the Court chooses to treat

defendant's motion as a motion to dismiss.

To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim

to relief that is plausible on its face. Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). Exhibits attached to the

complaint are properly considered "part of the pleading for all

purposes." Fed. R. Civ. P. 10(c). In considering the merits of

a motion to dismiss, the Court must accept all factual

allegations in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. Langadinos v. Am. Airlines,

Inc., 199 F.3d 68, 69 (1st Cir. 2000). Yet "[t]hreadbare

recitals of the elements of a cause of action, supported by mere

conclusory statements," do not suffice to state a cause of

action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Accordingly, a complaint does not state a claim for relief where

the well-pled facts fail to warrant an inference of anything

more than the mere possibility of misconduct. Id. at 679.

**B.    Application**

**1.    M.G.L. c. 175 § 123 and M.G.L. c. 176D (Counts IV and V)**

As a preliminary matter, plaintiff has no private cause of

action under M.G.L. c. 175, § 123 or M.G.L. c. 176D because the

Commissioner of Insurance has exclusive authority to enforce

those statutes. M.G.L. c. 175, § 3A; M.G.L. c. 176D §§ 6, 7; see

also Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n.1

(1st Cir. 1993). Accordingly, Counts IV and V of plaintiff's

complaint will be dismissed.

## 2. Statute of limitations

New York Life contends that all of the claims set forth by the plaintiff should be dismissed as time-barred. A defendant can raise the statute of limitations as an affirmative defense in a Rule 12(b)(6) motion to dismiss so long as the underlying factual basis for the defense is "clear on the face of the plaintiff's pleadings." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009) (citation omitted). As the First Circuit Court of Appeals recently held

> [w]hen the allegations in a complaint show that the passage of time between the events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, a [] court should grant a 12(b)(6) motion by the defense if the complaint (and any other properly considered documents) fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations.

Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014) (internal quotations omitted).

Tort claims, claims brought under Chapter 93A and breach of contract claims must be commenced within three, four and six years, respectively, after the causes of action accrue. M.G.L. c. 260 §§ 2, 2A, 5A. Causes of action in contract and tort generally accrue at the time of breach or injury. See Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221 (1990). For the plaintiff, this

occurred at the latest in February, 1993, when New York Life

paid out the full amount of proceeds due under Policies A and B.

The statute of limitations may be tolled, however, when 1)

the facts giving rise to a cause of action are "inherently

unknowable" to the injured party or 2) when a cause of action is

fraudulently concealed by the wrongdoer. Gonzalez v. United

States, 284 F.3d 281, 288-89 (1st Cir. 2002).

### a.  Inherently unknowable

Tolling takes effect pursuant to the discovery rule if the

factual basis for the cause of action must have been "inherently

unknowable" at the time of injury. Gonzalez, 284 F.3d at 288-89.

The factual basis for a cause of action is "inherently

unknowable" if it is "incapable of detection by the wronged

party through the exercise of reasonable diligence." Geo. Knight

& Co., Inc. v. Watson Wyatt & Co., 170 F.3d 210, 213 (1st Cir.

1999) (citation and internal quotations omitted).  The

"inherently unknowable" standard is "no different from, and is

used interchangeably with, the "knew or should have known"

standard." Williams v. Ely, 423 Mass. 467, n. 7 (1996).

Arcieri contends that she could not have learned of the

change of beneficiary due to her emotional state upon the death

of her husband and her reasonable reliance upon Chevalier, the

defendant and her father-in-law.  Although she acknowledges

being aware that her father-in-law received a disbursement from

Policy A, plaintiff alleges that she believed that he received it pursuant to their agreement rather than as a 50% beneficiary. She claims to have first learned of the change in beneficiaries in 2011, after discovery began in her earlier lawsuit against her father-in-law.

The factual allegations in the complaint indicate that the only reason plaintiff did not learn of the change of beneficiary at the time the policy proceeds were disbursed in 1993 was because she apparently had made an oral agreement with her father-in-law and requested that New York Life distribute the proceeds of Policy A accordingly. Had she not given such an instruction, plaintiff presumably would have noticed that one-half of the Policy A proceeds were, in her eyes, wrongfully distributed. In any event, if plaintiff had questions regarding the terms and/or beneficiaries of Policy A, in the exercise of reasonable diligence, she should have asked New York Life during or after the time of the disbursement of policy proceeds.

The facts alleged in the pleadings therefore do not support a finding that plaintiff's causes of action against New York Life were "inherently unknowable."

### b.   Fraudulent concealment

A statute of limitations may also be tolled if a wrongdoer "conceal[s] the existence of a cause of action through some affirmative act done with intent to deceive." Puritan Med. Ctr.,

Inc. v. Cashman, 413 Mass. 167, 175 (1992). Mere "silence in subsequent dealings between the parties does not amount to fraudulent concealment". Szymanski v. Bos. Mut. Life Ins. Co. 56 Mass. App. Ct. 367, 381 (2002). There must be a requisite affirmative act. Id.

The plaintiff has not alleged that Chevalier or anyone else at New York Life affirmatively acted with an intention to deceive her. At worst, New York Life was silent on the issue of the change in beneficiary and silence is insufficient to rise to the level of deception. See id. Plaintiff's claims therefore cannot be tolled due to fraudulent concealment.

Although the Court perceives a heartless, intra-family fraud perpetuated against a naïve but sympathetic widow, it can provide no remedy. The Court concludes that plaintiff's claims against New York Life for breach of contract, breach of fiduciary duty, negligence and violation of M.G.L. c. 93A are barred by the statute of limitations as a matter of law. Accordingly, the remaining Counts of the complaint will be dismissed.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 11) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 4, 2014